IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AT&T CORP., Plaintiff, | ) | |
| v. | ) | No. 04-1512C (Judge Lettow) |
| THE UNITED STATES Defendant | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S COUNTERCLAIM**

For its response to defendant's counterclaim in this action, plaintiff AT&T Corp. ("AT&T") admits, denies and alleges as follows:

**JURISDICTION**

41. The allegations in paragraph 41 of defendant's counterclaim are conclusions of law that do not require a response.

**BACKGROUND**

42. AT&T admits the first sentence of paragraph 42 of the defendant's counterclaim. The allegations in the second sentence of paragraph 42 of the counterclaim are conclusions of law that do not require a response; to the extent that any of these allegations may be deemed allegations of fact, they are denied.

43. The allegation in paragraph 43 of the defendant's counterclaim is a conclusion of law that does not require a response; to the extent that the allegation may be deemed to include an allegation of fact, it is denied.

## AT&T's Spin-off of Lucent

44. AT&T states that, beginning in November 1995, AT&T engaged in several transactions which involved the creation of Lucent as a wholly-owned subsidiary of AT&T. AT&T also states that, on April 10, 1996, Lucent made an initial public offering of 17.6% of its outstanding shares and that, on September 30, 1996, AT&T distributed to AT&T shareholders all of the 82.4% of Lucent shares owned by AT&T on that date. AT&T admits the final sentence of paragraph 44 of the defendant's counterclaim. AT&T otherwise denies the allegations in paragraph 44 of the defendant's counterclaim.

45. AT&T admits the allegations in paragraph 45 of the defendant's counterclaim.

46. AT&T states that, under the terms of a "Separation and Distribution Agreement by and among AT&T Corporation, Lucent Technologies Inc. and NCR Corporation," ("Separation and Distribution Agreement") dated as of February 1, 1996, as part of the Spin-Off Transaction, AT&T began transferring to Lucent some of the assets and liabilities relating to certain businesses that AT&T had previously conducted in its own name. AT&T states further that the Separation and Distribution Agreement speaks for itself, and otherwise denies the allegations in paragraph 46 of the defendant's counterclaim.

47. AT&T admits the allegations in paragraph 47 of the defendant's counterclaim.

48. AT&T admits the allegations in paragraph 48 of the defendant's counterclaim.

49. AT&T admits the allegations in paragraph 49 of the defendant's counterclaim.

50. AT&T admits the allegations in paragraph 50 of the defendant's counterclaim.

**AT&T Pension Plan Transfers To Lucent**

51. AT&T admits that, prior to 1996, AT&T sponsored two defined-benefit pension plans, the AT&T Management Plan and the AT&T Pension Plan. AT&T also admits that it computed the total pension cost for the plans as a whole and then allocated the total pension cost using an allocation base. AT&T otherwise denies the allegations in paragraph 51 of the defendant's counterclaim.

52. AT&T admits the allegations in paragraph 52 of the defendant's counterclaim.

53. AT&T admits the allegations in paragraph 53 of the defendant's counterclaim.

54. AT&T admits the allegations in paragraph 54 of the defendant's counterclaim.

55. AT&T admits the allegations in paragraph 55 of the defendant's counterclaim.

56. AT&T states that AT&T's calculation, allocation and transfer of pension assets and liabilities from the AT&T Management Pension Plan ("ATTMPP") and AT&T Pension Plan ("ATTPP") to the corresponding Lucent pension plans were executed in accordance with Article III of the Employee Benefits Agreement between AT&T and Lucent, dated as of February 1, 1996 and Amended and Restated as of March 29, 1996 (the "EBA"). AT&T otherwise denies the allegations in paragraph 56 of the defendant's counterclaim.

57. AT&T states that AT&T's calculation, allocation and transfer of pension assets and liabilities from the ATTMPP and ATTPP to the corresponding Lucent pension plans were executed in accordance with Article III of the EBA. AT&T otherwise denies the allegations in paragraph 57 of the defendant's counterclaim.

58. AT&T states that AT&T's calculation, allocation and transfer of pension assets and liabilities from the ATTMPP and ATTPP to the corresponding Lucent pension plans were executed in accordance with Article III of the EBA. AT&T otherwise denies the allegations in paragraph 58 of the defendant's counterclaim.

59. AT&T admits the allegations in paragraph 59 of the defendant's counterclaim.

60. AT&T admits the allegations in paragraph 60 of the defendant's counterclaim.

**The Novation Agreement Among AT&T, Lucent, And The United States**

61. AT&T states that the Novation Agreement executed among AT&T, Lucent and the Government speaks for itself. AT&T states further that there is no valid basis – legal, factual or otherwise – in the Novation Agreement for the Government to claim any liability on the part of AT&T related to the compliance by Lucent with CAS 413 in connection with Lucent's sale of its Government business to General Dynamics Corporation.

**The Memorandum of Understanding Among AT&T, Lucent And The United States**

62. AT&T states that the "Memorandum of Agreement Among Lucent Technologies Inc., AT&T Corp., and the United States of America Regarding Pension Costs (CAS 413)" ("MOA") speaks for itself. AT&T states further that there is no basis – legal, factual or otherwise – for the Government to claim any liability on the part of AT&T related to the compliance by Lucent with CAS 413 in connection with Lucent's sale of its Government business to General Dynamics Corporation. AT&T also states that the MOA has no validity for any purpose because the conditions precedent to its effectivity never occurred.

**Lucent Was Required To Comply With Revised CAS 413**

63. AT&T denies the allegation in paragraph 63 of the defendant's counterclaim for lack of knowledge or information sufficient to form a belief as to its truth.

64. AT&T denies the allegation in paragraph 64 of the defendant's counterclaim for lack of knowledge or information sufficient to form a belief as to its truth. AT&T also states that the allegation in paragraph 64 of the defendant's counterclaim is a conclusion of law that does not require a response.

**Lucent Was Required To Comply With Revised CAS 413**

65. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the defendant's counterclaim, and therefore AT&T denies same.

66. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the defendant's counterclaim, and therefore AT&T denies same.

67. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the defendant's counterclaim, and therefore AT&T denies same.

**The Lucent Pension Plans**

68. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the defendant's counterclaim, and therefore AT&T denies same.

69. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the defendant's counterclaim, and therefore AT&T denies same.

70. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the defendant's counterclaim, and therefore AT&T denies same.

**Lucent's Sale Of Its ATS Segment To General Dynamics Corporation**

71. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the defendant's counterclaim, and therefore AT&T denies same.

72. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the defendant's counterclaim, and therefore AT&T denies same.

73. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the defendant's counterclaim, and therefore AT&T denies same.

74. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the defendant's counterclaim, and therefore AT&T denies same.

75. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the defendant's counterclaim, and therefore AT&T denies same.

76. AT&T does not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the defendant's counterclaim, and therefore AT&T denies same.

77. AT&T states that the final decision issued by the Government's contracting officer dated September 30, 2003 speaks for itself, and otherwise denies the allegations in paragraph 77 of the defendant's counterclaim.

**COUNT I**
**(GOVERNMENT CLAIM FOR A**
**SEGMENT-CLOSING ADJUSTMENT**
**UNDER CAS 413.50(c)(12))**

78. AT&T repeats and incorporates herein by reference the responses contained in paragraphs 41 through 77 above as if set forth in full at this point.

79. AT&T does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 79 of defendant's counterclaim, and therefore denies same. AT&T also states that the allegation in paragraph 79 of defendant's counterclaim is a conclusion of law that does not require a response.

80. The allegation in paragraph 80 of the defendant's counterclaim is a conclusion of law that does not require a response.

81. The allegations in paragraph 81 of the defendant's counterclaim are conclusions of law that do not require a response.

82. The allegations contained in paragraph 82 of the defendant's counterclaim constitute defendant's characterization of its case to which no response is required.

83. The allegation in paragraph 83 of the counterclaim is a conclusion of law that does not require a response.

84. AT&T does not have information sufficient to form a belief as to the truth or falsity of the allegation in paragraph 84 of defendant's counterclaim, and therefore denies same. AT&T also states that the allegation in paragraph 84 of the defendant's counterclaim is a conclusion of law that does not require a response.

85. AT&T denies the allegations in paragraph 85 of the defendant's counterclaim.

86. AT&T denies the allegations in paragraph 86 of the defendant's counterclaim.

Respectfully submitted,

_______________________________

Francis J. O'Toole, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736- 8711 (Fax)

Attorney For Plaintiff AT&T Corp.

Of Counsel:
Howard J. Stanislawski, Esq.
Jonathan A. DeMella, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736- 8711 (Fax)

Steven H. Talkovsky
AT&T Corp.
1900 Gallows Road
Vienna, VA 22182
Tel: (703) 245-3640
Fax: (703) 245-3648