**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AT&T CORP.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **Nos. 03-2258C, 04-1512C**<br>**(Judge Lettow)** |
| **LUCENT TECHNOLOGIES INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES,**<br><br>**Defendant.** | ) | **No. 04-1511C**<br>**(Judge Braden)** |

**DEFENDANT'S MOTION TO TRANSFER AND**
**SUGGESTION OF THE APPROPRIATENESS OF CONSOLIDATION**

Pursuant to RCFC 40.1(b) and 40.2(a), defendant, United States of America, respectfully requests the entry of an order transferring *Lucent Technologies Inc. v. United States*, No. 04-1511C, to Judge Lettow, the Judge to whom two other directly related cases (*AT&T Corp. v. United States*, No. 03-2258C ("*AT&T I*"), and *AT&T Corp. v. United States*, No. 04-1512C) ("*AT&T II*")) are assigned. All three cases are "directly related" as defined in RCFC 40.2(a)(1), and should be handled by a single Judge in order to "conserve judicial resources and promote an efficient determination of these actions." RCFC 40.2(a)(4). Further, pursuant to RCFC 40.1, the

requested transfer would promote the efficient administration of justice, and consolidation of *Lucent* and *AT&T II* would be appropriate at this time, before any scheduling order has been entered in response to a Joint Preliminary Status Report ("JPSR") and before discovery has commenced.[1] As RCFC 40.2(a)(3) expressly permits, this motion accompanies Defendant's Notice of Directly-Related Cases, which is being filed at the same time as the motion.

As we show below, the facts and legal issues raised in *Lucent* and *AT&T II* are almost identical. Both involve challenges to the same Government contracting officer's final decision applying the same Cost Accounting Standard ("CAS"), CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12)(1995), to the same transaction. Both of these cases are also directly related to *AT&T I* because they also involve the application of the same Cost Accounting Standard (CAS 413.50(c)(12)) to a complex series of related transactions. This provision (CAS 413.50(c)(12)) requires a Government contractor to make an adjustment of previously-determined pension costs whenever the contractor sells or otherwise closes a business segment that had previously performed Government contract work

**The First Transaction – The Spin-Off Transaction.** In the first transaction, on September 30, 1996, AT&T Corporation ("AT&T") spun off a business segment (the Advanced Technology Systems Division ("ATS Division)) to its newly-created subsidiary (Lucent Technologies Inc. ("Lucent")) (the "Spin-Off Transaction").[2] *AT&T I* Complaint ("Compl."), ¶¶ 17-33, at 3-5; *Lucent* Compl. ¶¶ 19-34, at 3-5; *AT&T II* Compl. ¶¶ 6-12, at 2-3. As part of the

---

1 The JPSR in *Lucent* was filed on May 2, 2005. In *AT&T II*, the JPSR is due on May 18, 2005.

2 For convenience, we will refer to the series of related transactions that culminated in the Lucent spin-off as the Spin-Off Transaction.

Spin-Off Transaction, AT&T transferred to Lucent the ATS Division's operating assets, and also transferred to the Lucent pension trusts for the Lucent pension plans certain pension assets and liabilities relating to the active ATS Division employees who were transferring to Lucent. *Id.*

Approximately seven months later, on May 5, 1997, AT&T, Lucent, and the Government entered into a Novation Agreement, under which AT&T guaranteed payment of all liabilities, and performance of all obligations, that Lucent assumed under the contracts transferred to Lucent as part of the Novation Agreement. *AT&T I* Compl. ¶¶ 32-33, at 5; *Lucent* Compl. ¶¶ 32-33, at 5; *AT&T II* Compl. ¶ 12, at 4. On September 30, 2002, the Government's contracting officer issued a final decision asserting that the Spin-Off Transaction constituted a segment closing under CAS 413.50(c)(12), and that, as a result, AT&T was required to pay to the Government the amount of the CAS-413 required segment-closing adjustment, in the amount of approximately $7.2 million. *AT&T I* Compl. ¶¶ 4-6, at 1-2; *Lucent* Compl. ¶¶ 35-37, at 5-6; *AT&T II* Compl. ¶¶ 16-17, at 4-5.

The first of the three cases to be filed – *AT&T I* (No. 03-2258C) – is AT&T's challenge to the September 30, 2002 contracting officer's final decision relating to the Spin-Off Transaction. That case has been assigned to Judge Lettow.

**The Second Transaction – Lucent's Sale of Its ATS Division to General Dynamics.** On October 1, 1997, a year and a day after the Spin-Off Transaction, Lucent sold its ATS Division to General Dynamics Corporation ("GD"). In this transaction, Lucent sold a substantial portion of the assets and liabilities of the ATS Division that it had acquired from AT&T in the Spin-Off Transaction, and also transferred to GD pension trusts certain of the pension assets and liabilities relating to the active ATS Division employees who were transferring to GD as part of

the sale to GD. *Lucent* Compl. ¶¶ 42-58, at 6-9; *AT&T II* Compl. ¶ 19, at 5.

On September 30, 2003, the Government's contracting officer issued separate, but virtually identical, final decisions to AT&T and Lucent asserting (i) that Lucent's sale of its ATS Division segment to GD constituted a segment closing under CAS 413.50(c)(12), (ii) that Lucent was required to pay the Government the amount of the CAS 413-required segment-closing adjustment, in the amount of approximately $44.4 million, including applicable interest, and (iii), as to AT&T, that, under the Novation Agreement, AT&T was also liable to the Government in this same amount. *Lucent* Compl. ¶¶ 59-63, at 9-10; *AT&T II* Compl. ¶¶ 20-21, at 5-6.

The remaining two cases involve (i) Lucent's challenge to the Government claim asserted against Lucent in the contracting officer's September 30, 2003 final decision (*Lucent*) and (ii) AT&T's challenge to the Government claim asserted against AT&T in the virtually identical September 30, 2003 contracting officer's final decision against AT&T (*AT&T II*).

**AT&T's Notice of Directly-Related Cases.** On September 29, 2004, when Lucent filed its case (No. 04-1511C), it did not file either a Notice of Directly-Related Cases under RCFC 40.2(a) or a Notice of Indirectly-Related Cases under RCFC 40.2(b). When AT&T filed its case (No. 04-1512C) as the very next docket number, however, it filed a Notice of Directly-Related Cases, dated September 29, 2004 (copy attached as Attachment "A"). In its Notice, AT&T stated that its new case (No. 04-1512C) was directly related both to *Lucent* and to its earlier-filed case, *AT&T I* (No. 03-2258C). According to AT&T's Notice, its new case (No. 04-1512C) was directly related to Lucent (No. 04-1511C) because both actions were appealing the same contracting officer's final decision. *See* Attachment "A," at 1. AT&T further pointed out that its new case (No. 04-1512C) was directly related to *AT&T I* (No. 03-2258C), because both actions

involved the same parties and because AT&T allegedly had no responsibilities under CAS 413 to insure that Lucent complied with CAS 413 when it disposed of any of the assets "first conveyed by AT&T to Lucent in 1996." *Id.* at 2. AT&T then stated, in the language of RCFC 40.2(a)(4), that assignment of these three cases to a single Judge would be likely to conserve judicial resources and promote an efficient administration of the cases. *Id.* Lucent did not file a response or any opposition to AT&T's Notice.

**The Government's October 21, 2004 Notice of Indirectly-Related Cases.** On October 21, 2004, we filed a Notice of Indirectly-Related Cases (copy attached as Attachment "B") pursuant to RCFC 40.2(b). In that Notice, we advised the Court that, at that time, there was a total of 10 indirectly-related cases, including the three cases at issue on this motion (*AT&T I* (No. 03-2258C), *AT&T II* (No. 04-1512C), and *Lucent*).[3] We suggested that transfer of all of these cases to a single Judge would promote the efficient administration of justice. Because of Judge Firestone's extensive previous background in CAS 413 segment-closing issues since 1999, we further suggested that assignment of these cases to her, if her current docket would permit, would best promote the interests of judicial efficiency and the conservation of scarce judicial resources. *See* Attachment "B," at 3. No other party in any of the 10 cases filed any response or opposition to our Notice. It has been more than six months since our Notice was filed, and, as far as we are aware, no action has been taken to transfer or reassign any of the 10 cases.

**The December 20, 2004 Order in *AT&T II* (No. 04-1512C).** On December 20, 2004, Judge Lettow issued an order in *AT&T II* (No. 04-1512C) (copy attached as Attachment "C") in

---

[3] The Notice was filed in all of the 10 indirectly-related cases, including *AT&T I*, *AT&T II*, and *Lucent*.

response to the Notice of Directly-Related Cases that AT&T filed in *AT&T II* (No. 04-1512C). The Court treated AT&T's September 29, 2004 Notice as an "implicit motion to transfer," which the Court denied without prejudice, citing RCFC 40.2(a)(3) and its earlier opinion in *Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798 (2004). December 20, 2004 Order at 1. The Court expressly noted that:

> Depending upon developments in this case [No. 04-1512C] and in the related cases docketed as *AT&T Corp. v. United States*, No. 03-2258C, and *Lucent Technologies, Inc. v. United States*, No. 04-1511C (pending before Braden, J.), it may become appropriate for one or more of the parties to file a motion to transfer at a future time.

December 20, 2004 Order, at 1.

**ARGUMENT**

**I. TRANSFER OF THE *LUCENT* CASE (NO. 04-1512C) TO JUDGE LETTOW, THE JUDGE TO WHOM THE TWO *AT&T* CASES HAVE BEEN ASSIGNED, WOULD CONSERVE JUDICIAL RESOURCES AND PROMOTE THE EFFICIENT DETERMINATION OF ALL THREE OF THESE DIRECTLY-RELATED CASES**

These three cases are directly related and should be handled by a single Judge. As we demonstrated above, *Lucent* and *AT&T II* (No. 04-1512C) were filed on the same day (September 29, 2004), and relate to virtually identical final decisions issued on the same day by the same contracting officer applying the same legal standard (CAS 413.50(c)(12)) to the same transaction (Lucent's sale of its ATS Division to GD). (The only differences are that *AT&T II* (No. 04-1512C) involves the issue of AT&T's obligations under the Novation Agreement, an issue that is not involved in *Lucent*, and *Lucent* involves a Lucent claim for post-retirement benefits (a claim over which the Government believes this Court lacks subject matter jurisdiction). It would be

most inefficient and wasteful of scarce judicial resources to require two Judges of this Court to immerse themselves in the complicated cost accounting, pension accounting, and legal aspects of this transaction.

The relationship between *Lucent* and *AT&T II* (No. 04-1512C), on the one hand, and the earlier-filed *AT&T* case (No. 03-2258C), on the other, is equally direct. All three cases relate to the application of the same legal standard (CAS 413.50(c)(12)) to the transfer of largely the same operating assets, pension assets, and pension liabilities from one entity to another – in 1996, from AT&T to Lucent as part of the Spin-Off Transaction at issue in No. 03-2258C, and then again, in 1997, from Lucent to GD as part of the sale of the ATS Division to GD. It would be equally inefficient and wasteful of judicial resources for two Judges to consider separately the cost accounting, pension accounting, and legal aspects of isolated aspects of this series of transactions, *e.g.*, for one Judge to address the Spin-Off Transaction and a different Judge to address Lucent's sale of the ATS Division to GD and the Novation Agreement among AT&T, Lucent, and the Government.

Perhaps the best demonstration of the extent of overlap among these three cases is the fact that the complaints in both *Lucent* and *AT&T II* (No. 04-1512C) describe the entire history of this series of transactions, including the series of transactions that constituted the Spin-Off Transaction (*Lucent* Compl. ¶¶ 19-34, at 3-5; *AT&T II* (No. 04-1512C) Compl. ¶¶ 6-12, at 2-3); ¶¶ 6-12); and both describe the September 30, 2002 contracting officer's final decision at issue in *AT&T I* (No. 03-2258C) (*Lucent* Compl. ¶¶ 35-37, at 5-6; *AT&T II* (No. 04-1512C) Compl. ¶¶ 16-18, at 4-5). By including in their separate complaints the history of these earlier transactions and the legal disputes relating to the Spin-Off Transaction, both Lucent and AT&T have

implicitly made clear their belief that an understanding of this history was essential for an understanding of the disputes regarding the Lucent-GD transaction that is at issue in the two later-filed cases.

Because the first-filed case *AT&T I* (No. 03-2258C) is somewhat procedurally more advanced that the two later-filed cases, it makes sense to transfer the *Lucent* case to Judge Lettow, the Judge to whom the earliest-filed case is assigned. In that case, after the entry of an initial scheduling order in response to the parties' Joint Preliminary Status Report ("JPSR") that proposed the taking of discovery relating to a certain issue (whether the Spin-Off Transaction constituted a segment-closing under CAS 413.50(c)(12)), to be followed by summary judgment motions, and discovery had commenced, AT&T sought, and obtained, leave of court to amend its complaint. Upon the completion of further pleading (with the filing of our answer to AT&T's amended complaint and our counterclaim, and AT&T's reply to our counterclaim), the parties filed a further Joint Status Report proposing a discovery schedule. By Order dated March 23, 2005, the Court established a discovery schedule and set out the next steps in the case. Moreover, if Lucent had filed a Notice of Directly-Related Cases when it originally filed its complaint in No. 04-1511C, as we believe RCFC 40.2(a)(1) required it to do, RCFC 40.2(a)(2) would have required the clerk to assign Lucent's new case to Judge Lettow in the first instance in any event. This is because Judge Lettow was "the judge to whom the earliest-filed directly-related case [*AT&T I* (No. 03-2258C] [was] assigned." *See* RCFC 40.2(a)(2).

For these reasons, all three cases should be assigned to a single Judge. To accomplish this, *Lucent* should be transferred to Judge Lettow under RCFC 40.1 and 40.2(a).

## II. CONSOLIDATION OF *LUCENT* AND *AT&T II* (NO. 04-1512C) WOULD ALSO PROMOTE JUDICIAL EFFICIENCY

For many of the same reasons, if the motion to transfer were to be granted, *Lucent* and *AT&T II* (No. 04-1512C) should be consolidated in the interests of efficient judicial administration. Except for the Novation Agreement issue in *AT&T II* (No. 04-1512C) and the post-retirement benefits claim in *Lucent*, the factual and legal issues in these two cases are identical. Although we recognize that, if *Lucent* and *AT&T II* were to be assigned to the same Judge, the risk of inconsistent adjudications would disappear, it would still make sense to consolidate these two cases, so that all of the parties having an interest in the resolution of these same issues – AT&T, Lucent, and the Government – could be parties to the same action. In this way, issues relating to scheduling, discovery, any motions practice, and the like can be resolved in a single action without the need for coordination with other cases.

## Conclusion

For the foregoing reasons, *Lucent* (No. 04-1511C) should be transferred to Judge Lettow, and consolidated with *AT&T II* (No. 04-1512C).

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

OF COUNSEL:

KATHLEEN MALONE
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

Dated: May 6, 2005

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: 202.307.0453
Facsimile: 202.514.7965

Attorney for Defendant United States of America

**INDEX TO ATTACHMENTS**

| | |
|---|---|
| Attachment "A" | Notice of Directly-Related Cases filed by AT&T Corp. on September 20, 2004 |
| Attachment "B" | Notice of Indirectly-Related Cases filed by United States on October 21, 2004 |
| Attachment "C" | Order dated December 20, 2004, entered in *AT&T Corp. v. United States*, No. 04-1512C |

# ATTACHMENT "A"

FILED
SEP 29 2004
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

AT&T Corp.,

Plaintiff,

v.

The United States,

Defendant.

No. 04-1512C

**NOTICE OF DIRECTLY-RELATED CASES**

In accordance with Rule 3 and Rule 40.2(a) of the Rules of the United States Court of Federal Claims, Plaintiff AT&T ("AT&T") hereby notifies the Court of two cases directly-related to the Complaint filed herewith ("Complaint"): Lucent Technologies, Inc. v. United States, filed September 29, 2004 (case number not yet assigned), and AT&T Corp. v. United States, No. 03-2258C (Judge Lettow).

AT&T's Complaint is directly related to Lucent Technologies, Inc. because both actions are appealing the same Final Decision of a Divisional Administrative Contracting Officer, dated September 30, 2003. This Final Decision asserts against Lucent and AT&T entitlement to a principal sum of $28,260,630 plus interest in the amount of $16,181,845, or a total amount of $44,443,475.

AT&T's Complaint is directly related to AT&T Corp. v. United States, No. 03-2258C because both actions involve the same parties and because AT&T does not have any ongoing responsibilities under CAS 413 to assure that Lucent or any subsequent acquirers of any

of its assets first conveyed by AT&T to Lucent in 1996 must make proper calculations under CAS 413.

For these reasons, AT&T believes that the assignment of these cases to a single Judge would be likely to conserve judicial resources and promote an efficient determination of the actions.

Respectfully submitted this 29th Day of September, 2004.

Of Counsel:
Howard J. Stanislawski, Esq.
Jonathan A. DeMella, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736- 8711 (Fax)

Francis J. O'Toole, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736- 8711 (Fax)

Attorney For Plaintiff AT&T Corporation

# ATTACHMENT "B"

10 20104
Bird.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TELEDYNE, INC., TELEDYNE INDUSTRIES, INC., and TELEDYNE ELECTRONIC SYSTEMS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | Nos. 96-782C, 97-659C<br>(Judge Firestone) |
| ALLEGHENY TELEDYNE, INC., and TELEDYNE INDUSTRIES, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 97-792C<br>(Judge Firestone)<br>(Consolidated) |

NOTICE OF INDIRECTLY-RELATED CASES

Defendant, the United States, respectfully submits this Notice of Indirectly-Related Cases pursuant to RCFC 40.2(b). The ten indirectly-related cases that are the subject of this Notice are:

1. *Teledyne, Inc., et al v. United States*, Nos. 96-782C, 97-659C; *Allegheny Teledyne, Inc., et al. v. United States*, No. 97-792C (Consolidated) (Judge Firestone) (three cases)

2. *General Electric Co. v. United States*, No. 99-172C (Judge Firestone)

3. *General Motors Corp. v. United States*, No. 00-40C (Judge Firestone)

4. *Viacom Inc. v. United States*, No. 01-79C (Judge Firestone)

5. *AT&T Corp. v. United States*, No. 03-2258C (Judge Lettow)

6. *DIRECTV Group, Inc. v. United States*, No. 04-1414C (Judge Firestone)

7. *Lucent Technologies, Inc. v. United States*, No. 04-1511C (Judge Braden)

8. *AT&T Corp. v. United States*, No. 04-1512C (Judge Lettow)

Transfer of these cases to a single judge would significantly promote the efficient administration of justice, for the following reasons. These cases all involve questions of considerable complexity relating to the interpretation and application of the requirements of Cost Accounting Standard ("CAS") 413.50(c)(12) to various segment-closing transactions. In *Teledyne*, *General Electric*, and *General Motors*, Judge Firestone issued a lengthy decision on the parties' cross-motions for summary judgment, in which the Court considered at length the regulatory history and proper interpretation of CAS 413.50(c)(12) and related provisions. The Court's decision was affirmed in all respects on interlocutory appeal. *Teledyne, Inc., et al. v. United States*, 50 Fed. Cl. 155 (2001), *aff'd sub nom. Allegheny Teledyne Inc. v. United States*, 316 F.3d 1366 (Fed. Cir.), *cert. denied sub nom. General Motors Corp. v. United States*, 124 S. Ct. 804 (2003). On September 9, 2004, in response to a Notice of Indirectly-Related Case, Chief Judge Damich issued an order transferring *DIRECTV Group* (No. 04-1414C) to Judge Firestone. On September 29, 2004, when AT&T Corporation filed its complaint in No. 04-1512C, it filed at the same time a Notice of Directly-Related Cases indicating that the two *AT&T* cases (No. 03-2258C and the newly-filed case (04-1512C)) were directly related to the *Lucent Technologies* case (No. 04-1511C), which was also filed that same day. Defendant agrees that the two *AT&T* cases (Nos. 03-2258 and 04-1512) and *Lucent Technologies*

(No. 04-1511) all involve significant overlap of issues.

It is in the "interests of efficiency and the conservation of resources," Rules Committee Note to RCFC 40.2, that all of these indirectly-related cases be assigned to a single judge for consolidated judicial management. Because of the extensive involvement that Judge Firestone has had with these complicated CAS 413 segment-closing issues since 1999, assignment to Judge Firestone, if the Judge's current docket would permit, would best promote the interests of judicial efficiency and conservation of scarce judicial resources. Although the first of the two *AT&T* cases (No. 03-2258) has been pending before Judge Lettow since its filing, it does not appear that the management of that case has yet required the significant involvement in the complexities of these segment-closing issues that Judge Firestone has had.

For the foregoing reasons, defendant respectfully requests that these indirectly-related cases be transferred to a single judge for consolidated judicial management.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

Jeanne E. Davidson

JEANNE E. DAVIDSON
Deputy Director

C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20005
Telephone: 202.307.0453
Facsimile: 202.514.7965

Dated: October 20, 2004

Attorney for Defendant United States of America

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on the 20th day of October, 2004, I caused a copy of the foregoing "Notice of Indirectly-Related Cases" to be (i) sent by facsimile to the number indicated below, and (ii) placed in the United States mail (first-class postage prepaid) addressed as follows:

Harvey G. Sherzer, Esq.
Attorney for Plaintiffs Teledyne, Inc., *et al.* (Nos. 96-782C, 97-659C, and 97-792C)
Dickstein Shapiro Morin & Oshinsky LLP
2101 L Street, N.W.
Washington, D.C. 20037-1526
Facsimile: 202.887.0689)

Francis J. O'Toole, Esq.
Attorney for Plaintiff General Electric Co. (No. 99-172C) and AT&T Corp. (Nos. 03-2258 and 04-1512)
Sidley Austin Brown & Wood, LLP
1501 K Street, N.W.
Washington, D.C. 20005
Facsimile: 202.736.8711

Marcia G. Madsen, Esq.
Attorney for Plaintiff General Motors Corporation (No. 00-40C)
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006
Facsimile: (202) 263-5274

Thomas A. Lemmer, Esq.
Attorney for Plaintiffs Viacom Inc. (No. 01-79C) and Lucent Technologies, Inc. (No. 04-1511)
McKenna Long & Aldridge L.L.P.
1875 Lawrence Street, Suite 200
Denver, Colorado 80202
Facsimile: 303.634.4400

Alexander F. Wiles, Esq.
Attorney for DIRECTV Group, Inc. (No. 04-1414)
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Facsimile: 310.203.7199

# ATTACHMENT "C"

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 04-1512C

(Filed: December 20, 2004)

| | |
|---|---|
| AT&T CORP., | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

ORDER

Pending before the court is plaintiff's Notice of Directly-Related Cases. The court denies plaintiff's implicit motion to transfer but does so without prejudice. *See* RCFC 40.2(a)(3); *Entergy Nuclear Indian Point 2, LLC v. United States*, 62 Fed. Cl. 798 (2004). Depending upon developments in this case and in the related cases docketed as *AT&T Corp. v. United States*, No. 03-2258C, and *Lucent Technologies, Inc. v. United States*, No. 04-1511C (pending before Braden, J.), it may become appropriate for one or more of the parties to file a motion to transfer at a future time.

IT IS SO ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

**CERTIFICATE OF FILING**

I hereby certify that on the 6th day of May, 2005, a copy of the foregoing "Defendant's Motion to Transfer and Suggestion of the Appropriateness of Consolidation," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird