**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AT&T CORP.,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **No. 04-1512C** |
| | ) | **(Judge Lettow)** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A, 3, of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff, AT&T Corp. ("AT&T"), and defendant, the United States of America (the "Government" or "defendant") (referred to collectively as "the parties"), respectfully submit the following Joint Preliminary Status Report ("JPSR"):

## I. JURISDICTION

### A. Plaintiff's Statement

AT&T's position is that the Court has jurisdiction over all issues raised by AT&T's complaint as amended pursuant to the Contracts Disputes Act of 1978 ("CDA"), 41 U.S.C. § 609(a)(1) and 28 U.S.C. § 1491(a)(1) and (2). AT&T does not contest the Court's jurisdiction over the United States' counterclaim.

### B. Government's Statement

The Government has identified no reason to question the subject matter jurisdiction of this Court and believes that this Court possesses jurisdiction over the Government's counterclaim.

## II. CONSOLIDATION

The parties agree that, if *Lucent Technologies Inc. v. United States*, No. 04-1511C, which is currently pending before Judge Braden, is transferred to Judge Lettow, that case (*Lucent*) should be consolidated with this case. See ¶ XII below.

## III. BIFURCATION OF LIABILITY AND DAMAGES

At present, the parties agree that, if the case proceeds to trial, the issues of liability and damages should be tried together.

## IV. DEFERRAL OF PROCEEDINGS

The parties agree that this case should not be deferred pending consideration of any other case before this Court or any other tribunal.

## V. REMAND OR SUSPENSION

Neither party currently seeks remand or suspension.

## VI. JOINDER

Neither party intends to join additional parties at this time.

## VII. DISPOSITIVE MOTIONS

### A. Plaintiff's Statement

AT&T currently believes that a motion for summary judgment under RCFC 56 likely will be appropriate and will file such motion no later than 30 days after the completion of fact discovery. See ¶ XIII below concerning the parties' Proposed Discovery Plan.

### B. Government's Statement

The Government believes that, after a reasonable opportunity for the Government to take discovery regarding the facts relating to Lucent's sale of its Advanced Technology Systems

(“ATS”) segment to General Dynamics (“GD”) (the “ATS Sale Transaction”), the question whether the ATS Sale Transaction constituted a segment closing under Cost Accounting Standard (“CAS”) 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12), may be amenable to resolution upon a motion, or cross-motions, for summary judgment.

The Government also believes that the question whether, under the terms of (i) the Novation Agreement executed May 5, 1997 between and among AT&T, Lucent Technologies Inc. (“Lucent”), and the United States (the “Novation Agreement”), (ii) the Memorandum of Agreement Among Lucent Technologies Inc., AT&T Corp. and the United States of America Regarding Pension Costs (CAS 413), executed September 24, 1999 (the “Memorandum of Agreement”), or otherwise, AT&T is liable to pay the amount of any CAS 413 adjustment owed to the United States by reason of Lucent’s segment closing may also be amenable to resolution upon a motion for summary judgment.

## VIII. RELEVANT FACTUAL AND LEGAL ISSUES

### A. Plaintiff's Statement

In 1996, AT&T spun off Lucent Technologies, Inc, resulting in the closing of the Lucent segment at AT&T. Cost Accounting Standard 413-50(c)(12), 48 C.F.R. § 9904.413-50(c)(12) (1995) specifies that there must be an adjustment of previously-determined pension costs in the event of a segment closing. AT&T transferred pension assets and surplus to Lucent in excess of the adjustment amount to which the Government is entitled under 48 C.F.R. § 9904.413-50(c)(12) (1995). Therefore, AT&T maintains, the Government's entitlement has been satisfied by the transfer. The Government has asserted that AT&T is liable to the Government for the Government's share of the segment closing adjustment amount under 48

C.F.R. § 9904.413-50(c)(12), plus interest for AT&T's noncompliance with CAS 413. This dispute is currently pending before the Court of Federal Claims as *AT&T Corporation vs. United States*, No. 03-2258C.

Upon information and belief, effective October 1, 1997, Lucent sold certain assets of its CAS-covered Government business to General Dynamics. Per a September 30, 2003 final decision of the Defense Contract Management Agency, the Government claimed that the sale of assets by Lucent to General Dynamics constituted a segment closing under 48 C.F.R. § 9904.413-30(a)(20), and further claimed that, in accordance with 48 C.F.R. 9904.413-50(c)(12), both Lucent and AT&T were liable to the Government for $28,260,630 plus $16,181,845 in interest. On September 29, 2004, Lucent filed a complaint in the Court of Federal Claims appealing the decision of the DCMA, which is now pending before Judge Braden as *Lucent Technologies, Inc. v. United States*, No. 04-1511C (hereinafter, "*Lucent* case").

The September 30, 2003 Final Decision relates to a Government claim that Lucent did not perform a correct pension calculation under 48 C.F.R. 9904.413-50(c)(12) related to the October 1, 1997 sale of assets by Lucent to General Dynamics. AT&T had no involvement in this transaction or any determination concerning pension assets or liabilities connected with the transaction. Consequently, there is no basis, under law or in fact, through which the Government can impose liability upon AT&T related to the October 1, 1997 sale to General Dynamics. Further, Lucent has asserted in the Lucent case that it did not close a segment within the meaning of CAS 413 in connection with the October 1, 1997 sale to General Dynamics and, even if such sale did constitute a segment closing, the Government is entitled to nothing, or substantially less than the Government's claim in the Lucent case, if the appropriate calculation under CAS 413 is

made. AT&T does not have sufficient information to confirm these conclusions but, if either is true, each conclusion would independently establish that there is no basis for any claim against AT&T.

**B. Government's Statement**

At this point, the Government believes that the relevant factual and legal issues are as follows:

1. Whether the October 1, 1997 ATS Sale Transaction (*i.e.*, Lucent's sale of its ATS segment to General Dynamics Corp. ("GD")) constituted a segment closing under the applicable Cost Accounting Standard (CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12))?

2. If so, what is the amount of segment-closing adjustment that Lucent is required to make under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12)? Specifically,

a. What was the market value of the pension assets allocated to the ATS segment as of the date of the segment closing?

b. What was the amount of the ATS segment's actuarial accrued liability as of the date of the segment closing?

c. What was the "adjustment amount" under CAS 413.50(c)(12), 48 C.F.R. § 9904.413-50(c)(12), *i.e.*, the difference between the market value of the ATS segment's allocated pension assets and its actuarial accrued liability as of the date of the segment closing?

d. What is the Government's share of the adjustment amount, *i.e.*, the fraction calculated under CAS 413.50(c)(12)(vi), 48 C.F.R. § 9904.413-50(c)(12)?

3. Whether AT&T is obligated, under the terms of the Novation Agreement, the Memorandum of Agreement, or otherwise, to pay to the United States the amount of the CAS

413 segment-closing adjustment that Lucent owes by reason of the GD segment closing?

## IX. LIKELIHOOD OF SETTLEMENT

The parties' current positions regarding whether entitlement exists are significantly divergent. The parties anticipate holding settlement discussions as the case proceeds, as appropriate.

## X. TRIAL

Neither party requests expedited trial scheduling at this time. Both parties anticipate proceeding to trial unless the case is earlier resolved by settlement or dispositive motion.

## XI. ELECTRONIC CASE MANAGEMENT NEEDS

The parties are not currently aware of any special issues regarding electronic case management needs.

## XII. OTHER INFORMATION

The parties are not aware of any information of which the Court should be aware at this time, except as follows.

On May 6, 2005, the Government filed a Notice of Directly-Related Cases pursuant to RCFC 40.2(a), stating that this case was directly related to the *Lucent* case (*Lucent Technologies Inc. v. United States*, No. 04-1511C (filed September 29, 2004), and to *AT&T Corp. v. United States*, No. 03-2258C (filed September 29, 2003). Also on May 6, 2005, the Government filed Defendant's Motion to Transfer and Suggestion of the Appropriateness of Consolidation, which urged that *Lucent* be transferred to this Court (Judge Lettow) in order to conserve judicial resources and promote an efficient determination of these actions, and that, if such transfer were to be granted, that *Lucent* be consolidated with this case in the interests of efficient judicial

administration. On May 11, 2005, Judge Braden conducted a telephone status conference with the parties in *Lucent*, and directed Lucent to file a response detailing the basis for its opposition to the Government's motion to transfer by May 23, 2005. Judge Braden indicated her intention, after the receipt of Lucent's opposition, to discuss with Judge Lettow the question whether transfer of *Lucent* to Judge Lettow's docket would promote the efficient determination of these actions. The Government's motion for transfer and suggestion of consolidation remain pending at this time.

## XIII. PROPOSED DISCOVERY PLAN

Because of the current uncertainty regarding the possible transfer of the *Lucent* case to Judge Lettow's docket, and the desirability of coordinating the scheduling of discovery in this case with discovery in *Lucent*, the parties respectfully suggest that the Court may wish to direct them to file a further joint status report proposing a plan for discovery within 21 days after the entry of an order on the Government's motion to transfer.

Respectfully submitted this 18th day of May, 2005.

s/ Francis J. O'Toole
Francis J. O'Toole, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736-8711 (Fax)

Attorney for Plaintiff AT&T Corp.

STUART E. SCHIFFER
Deputy Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Deputy Director

Of Counsel:

Howard J. Stanislawski, Esq.
Jonathan Adam DeMella, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736- 8711 (Fax)

Steven H. Talkovsky, Esq.
AT&T Corp.
1900 Gallows Road
Vienna, VA 22182
Tel: (703) 245-3640
Fax: (703) 245-3648

s/ C. Coleman Bird
C. COLEMAN BIRD
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: 202.307.0453
Facsimile: 202.514.7965

OF COUNSEL:

KATHLEEN MALONE
Trial Attorney
Defense Contract Management Agency
495 Summer Street
Boston, MA 02210

ATTORNEYS FOR DEFENDANT,
UNITED STATES OF AMERICA

**CERTIFICATE OF FILING**

I hereby certify that on the 18th day of May, 2005, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ C. Coleman Bird