IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LUCENT TECHNOLOGIES INC.<br>Plaintiff,<br>v.<br>UNITED STATES<br>Defendant | No. 04-1511C<br>Judge Braden |
| AT&T CORP.,<br>Plaintiff,<br>v.<br>UNITED STATES<br>Defendant | No. 04-1512C<br>Judge Braden |
| AT&T CORP.,<br>Plaintiff,<br>v.<br>UNITED STATES<br>Defendant | No. 03-2258C<br>Judge Braden |

**AT&T's Response To Government's**
**Suggestion of Appropriateness of Consolidation**

This responds to the Government's Suggestion of the Appropriateness of Consolidation filed on May 6, 2005. On November 1, 2005, after the two AT&T captioned cases had been transferred from Judge Lettow to Judge Braden, the Court requested that Lucent and

AT&T respond to the Government's consolidation suggestion, which response had been postponed pending a decision on the Government's motion to transfer the captioned cases between Judges Braden and Lettow so that all three cases would be before the same judge.

The Government's suggestion of the appropriateness of consolidation related to Lucent Technologies Inc. v. United States, Case No. 04-1511C ("Lucent") and AT&T Corp. v. United States, (Case No. 04-1512C ("AT&T II). The Government has not suggested that AT&T Corp. v. United States, Case No. 03-2258C ("AT&T I") be consolidated with those cases. See Motion to Transfer And Suggestion Of The Appropriateness Of Consolidation at 9. Moreover, in their Joint Status Report dated March 18, 2005 in AT&T I, the parties agreed "that this case should not be consolidated with any other case currently pending before the Court." AT&T I Joint Status Report at II, p. 2.

AT&T I involves the spin-off by AT&T of a business to Lucent and any obligation that AT&T might have to the Government under CAS 413 related to that spin-off. The AT&T II and Lucent cases involve the sale by Lucent of certain assets of a Lucent business to General Dynamics, including any obligation that Lucent might have to the Government under CAS 413. AT&T had no involvement in the General Dynamics transaction or any determination concerning pension assets or liabilities connected with the transaction, and there is no basis, in law or fact, on which the Government can hold AT&T liable for any claim under CAS 413 related to the transaction.

None of the considerations justifying consolidation under RCFC 42(a) is present here. AT&T I involves many different factual and legal issues than those involved in AT&T II and Lucent. See Entergy Nuclear Indian Point 2, LLC v. United States, 62 Fed. Cl. 798, 802-04 (2004). There is also not even a risk of inconsistent judgments in the cases because all three cases are before Judge Braden. See Karuk Tribe of Calif. v. United States, 27 Fed. Cl. 429, 233, (1933).

Accordingly, while there are issues of fact and law common to AT&T II and Lucent and these two cases could be consolidated, AT&T I should not be consolidated with AT&T II and Lucent.

Date: November 21, 2005

Respectfully submitted,

/s/ Francis J. O'Toole
Francis J. O'Toole, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736-8711 (fax)

Attorney for Plaintiff AT&T Corp.

Of Counsel:
Howard J. Stanislawski, Esq.
Sidley Austin Brown & Wood LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000 (Phone)
(202) 736-8711 (fax)

Steven H. Talkovsky, Esq.
AT&T Corp. 1900 Gallows Road
Vienna, VA 22182
Tel: (703) 245-3640
Fax: (703) 245-3648